UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMEN ALLEN,                                    Case No. 09-12732

        Plaintiff,                      John Corbett O'Meara
v.                                               United States District Judge

COMMISSIONER OF                                  Michael Hluchaniuk
SOCIAL SECURITY,                                 United States Magistrate Judge

        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 7, 10)**

## I.     PROCEDURAL HISTORY

    A.     Proceedings in this Court

On July 10, 2009, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge John Corbett

O'Meara referred this matter to the undersigned for the purpose of reviewing the

Commissioner's decision denying plaintiff's claim for a period of Disability

Insurance and Supplemental Security Income benefits.  (Dkt. 3).  This matter is

currently before the Court on cross-motions for summary judgment.  (Dkt. 7, 10).

B.    Administrative Proceedings

Plaintiff filed the instant claims on July 8, 2005, alleging that she became

unable to work on March 3, 2003. (Dkt. 5, Tr. at 59). The claim was initially

disapproved by the Commissioner on November 30, 2005. (Dkt. 5, Tr. at 52).

Plaintiff requested a hearing and on March 29, 2005, plaintiff appeared with

counsel before Administrative Law Judge (ALJ) Jerome B. Blum, who considered

the case *de novo*. In a decision by the Appeals Council dated July 26, 2007, the

ALJ found that plaintiff was not disabled. (Dkt. 5, Tr. at 15). Plaintiff requested a

review of this decision on October 9, 2007. (Dkt. 5, Tr. at 12-13). The ALJ's

decision became the final decision of the Commissioner when, after the review of

additional exhibits[1] (AC-1 and AC-2, Dkt. 5 Tr. at 227-239), the Appeals Council,

on June 30, 2009, denied plaintiff's request for review. (Dkt. 5, Tr. at 5-8); *Wilson*

*v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment should be **DENIED**, that defendant's motion for summary judgment be **GRANTED** and that the findings of the Commissioner be **AFFIRMED**.

## II.    FACTUAL BACKGROUND

Plaintiff was 31 years of age at the time of the most recent administrative hearing.  (Dkt. 5, Tr. at 59).  Plaintiff's relevant work history included approximately nine years as a teacher's assistant, a day care provider, a warehouse sorter, and a video packager.  (Dkt. 5, Tr. at 64).  In denying plaintiff's claims, defendant Commissioner considered insulin dependent diabetes, hypertension, morbid obesity, sleep apnea, bilateral carpal tunnel syndrome, lower back pain, right lumbar radiculopathy, ankle pain, hypothyroid, muscular pain, hypercholesterolemia, history of coronary artery disease, gastro-esophageal reflux disorder, mild peripheral neuropathy, and right mononeuropathy as possible bases of disability.  (Dkt. 5, Tr. at 20).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since March 3, 2003.  (Dkt. 5, Tr. at 20).  At step two, the ALJ found that plaintiff's impairments were "severe" within the meaning of the second sequential step.  *Id*. At step three, the ALJ found no evidence that plaintiff's combination of

impairments met or equaled one of the listings in the regulations. (Dkt. 5, Tr. at 22). At step four, the ALJ found that plaintiff could not perform her previous work as a teacher's assistant/day care provider assistant, janitor work, as a sorter, or as a video packager. (Dkt. 5, Tr. at 26). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. *Id.*

B.    Plaintiff's Claims of Error

According to plaintiff, the medical documentation supports a finding that the plaintiff suffers from several severe medical conditions including diabetes mellitus type I with peripheral neuropathy; hypertension with history of coronary artery disease; hyperthyroidism; hypercholesterolemia; bilateral carpal tunnel syndrome with right mononeuropathy; morbid obesity; obstructive sleep apnea; lower back pain with right lumbar radiculopathy; ankle pain; muscular pain; and gastroesophageal reflux. Plaintiff asserts that in reaching the conclusion that plaintiff retains the residual functional capacity to perform unskilled sedentary service area industrial work where she would be able to sit most of the day with flexibility regarding standing and lifting about a pound or two, the ALJ disregarded plaintiff's testimony and the medical documentation from Dr. Urdanivia. Plaintiff's testimony regarding pain and functional limitations are supported by the medical documentation and should have been taken into consideration in the RFC

assessment by the ALJ. Although the ALJ does not specifically state as such in his decision, plaintiff argues that the decision implies that the ALJ made his determination based on her activities of daily living. Specifically, the ALJ stated that plaintiff reported she can cook, wash dishes, cleans; driving even though her doctor advised not to drive until the daytime sleepiness is corrected; she testified that she was unable to mop, etc. Plaintiff argues that the ALJ's decision is contrary to case law in which courts have held that the ability to perform simple functions such as driving, grocery shopping, dishwashing and floor sweeping does not necessarily indicate an ability to perform substantial gainful activity.

Plaintiff also argues that the ALJ did not properly assess plaintiff's pain complaints. The ALJ found that there is no objective medical justification for the plaintiff's low back pain. However, according to plaintiff, the SSA regulations require plaintiff's disabling pain must be evaluated pursuant to 20 C.F.R. § 404.1529(c)(3), which the ALJ failed to do. In addition, the courts have held that a plaintiff can be disabled on the basis of pain alone and, according to plaintiff, this standard does not require objective evidence of the pain itself.

In addition, the ALJ disregarded the medical documentation from Dr. Urdanivia including an EMG dated May 20, 2005 showing mild sensory motor mixed peripheral neuropathy as well as right medial mononeuropathy, along with the medical documentation from Medical Center Health Care Providers supporting

the need to utilize lasix for lower extremity swelling. According to plaintiff, the ALJ failed to follow the rule that the uncontradicted opinion of a treating physician is entitled to complete deference.

C.    Defendant's Cross-Motion for Summary Judgment

Plaintiff argues that the ALJ's RFC was not supported by the record because the ALJ disregarded the "opinions" of Dr. Urdanvia, a treating source, and Health Care Providers, the facility where Plaintiff received most of her medical care. The Commissioner argues that, while Dr. Urdanvia and Health Care Providers documented plaintiff's medical diagnoses they did not indicate that the impairments limited her functional capacity in any way. Rather, according to the Commissioner, Dr. Urdanvia and Health Care Providers noted plaintiff's impairments and advised her accordingly - braces prescribed to alleviate carpal tunnel symptoms, home remedies to alleviate heel and foot pain, and weight reduction suggested to alleviate back pain - however, neither physician suggested limitations that the ALJ omitted from his RFC finding. The Commissioner asserts that plaintiff fails to explain how the ALJ's generous limitations failed to account for the medical evidence described in the treating source records.

With respect to plaintiff's pain complaints, contrary to plaintiff's brief, the Commissioner argues that the regulations explicitly emphasize that objective medical evidence is "a useful indication to assist us in making reasonable

conclusions about the intensity and persistence of your symptoms, such as pain, may have on your ability to work." 20 C.F.R. § 404.1529(c)(2). And, the Sixth Circuit has repeatedly recognized the importance of objective medical evidence in examining disability claims. *Crouch v. Sec'y of Health & Human Servs.*, 909 F.2d 852 (6th Cir. 1990). Moreover, according to the Commissioner, the ALJ did not evaluate plaintiff's pain complaints based on the objective medical evidence alone – instead, the ALJ evaluated plaintiff's subjective complaints about her different impairments in light of the record as a whole, including consideration of plaintiff's treatment history, the opinions rendered by the physicians of record, and plaintiff's daily activities.

The Commissioner urges the Court to reject plaintiff's claim that the ALJ did not account for her complaints of back pain, which she says were corroborated by four years of medical proof. According to the Commissioner, plaintiff's allegation lacks support because her doctors did not recommend any restrictions or any aggressive measures to address her back pain; instead, they advised conservative measures such as weight loss, a recommendation she admittedly did not follow. (Tr. 95, 255); 20 C.F.R. § 404.1529(c)(3)(v). *See McKenzie v. Commissioner*, 215 F.3d 1327 (6th Cir. 2000) ("Plaintiff's complainants of disabling pain are undermined by his non aggressive treatment"). The Commissioner also points to the results of plaintiff's consultative evaluation,

which failed to evidence significant back problems. Specifically, plaintiff had full range of motion in her spine, knees, hips, and ankles; she had normal muscle strength, sensation, and reflexes; was able to touch her toes; and was able to get off the table and chair without any assistance. (Tr. 141). Plaintiff's x-ray of the spine, pelvis, and right hip was normal and showed no abnormalities. (Tr. 144-46). The Commissioner argues that, given the lack of objective medical evidence to support plaintiff's claims, her marginal treatment history, and non-compliance with doctors recommendations, it was reasonable for the ALJ to conclude that plaintiff could perform a range of sedentary work despite back pain.

Plaintiff also mentions evidence concerning diabetes-related abnormalities in her lower extremities, and in particular notes abnormal findings from a 2005 EMG test. However, according to the Commissioner, the ALJ acknowledged that plaintiff had mild peripheral neuropathy and right mononeuropathy and limited her to sedentary work because of these conditions. (Tr. 20). Thus, the Commissioner argues that plaintiff has not established that the objective medical evidence and treatment records warranted greater restrictions.

Next, plaintiff argues that the ALJ's RFC was flawed because it did not address the mental limitations she allegedly suffered as a result of the sleep apnea, such as her claims that she could not think straight or concentrate, that she was irritated throughout the day, and that she needed to take naps during the day. The

Commissioner argues that, as with plaintiff's other allegations of reversible error, she fails to provide any underlying evidentiary support for related restrictions, other than her subjective testimony. Plaintiff also does not acknowledge that Dr. Alatassi only advised Plaintiff to "avoid driving...until daytime sleepiness was corrected," and other than this isolated restriction, neither Dr. Alatassi nor any other physician restricted plaintiff's activities or indicated that she experienced significant problems with her mental functioning because of sleep apnea. (Tr. 208, 210). According to the Commissioner, given plaintiff's marginal compliance with the physician's restrictions, it was reasonable for the ALJ to conclude that the sleep apnea was not as disabling as plaintiff reported. Moreover, plaintiff previously reported that she could pay attention for as long as needed and follow written and spoken directions well. (Tr. 77). She also reported that she handled changes in routine well, and had not noticed any unusual behavior or fears. (Tr. 78). She further reported that she paid bills, counted change, handled a savings account, and used a check book/money order. (Tr. 75). Thus, the Commissioner urges the Court to conclude that, considering plaintiff's self-reported functional abilities and the lack of medical evidence to support her claim, her isolated statement during the administrative hearing is not sufficient evidence of a limiting impairment that precluded the performance of unskilled work.

# III. DISCUSSION

## A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

Report and Recommendation
Cross-Motions for Summary Judgment
*Allen v. Comm'r*; Case No. 09-12732

addressing in his written decision every piece of evidence submitted by a party.")
(internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,
198 Fed.Appx. 521, 526 (6th Cir. 2006).

      B.    <u>Governing Law</u>

      1.    Burden of proof

The "[c]laimant bears the burden of proving his entitlement to benefits."
*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);
*accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003).
There are several benefits programs under the Act, including the Disability
Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the
Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381
*et seq*.). Title II benefits are available to qualifying wage earners who become
disabled prior to the expiration of their insured status; Title XVI benefits are
available to poverty stricken adults and children who become disabled. F. Bloch,
Federal Disability Law and Practice § 1.1 (1984). While the two programs have
different eligibility requirements, "DIB and SSI are available only for those who
have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).
"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or

which has lasted or can be expected to last for a
continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without further
> analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.
>
> Step Four:  If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.
>
> Step Five: Even if the claimant is unable to perform his
> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

2.      Substantial evidence

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

In weighing the opinions and medical evidence, the ALJ must consider relevant factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's evidentiary support, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6). Therefore, a medical opinion of an examining source is entitled to more weight than a non-examining source and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time. 20 C.F.R. § 404.1527(d)(1)-(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." Soc.Sec.R. 9602p, 1996 WL 374188, *5 (1996). The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2). A physician qualifies as a treating source if the claimant sees her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." 20 C.F.R. § 404.1502. "Although the ALJ is not bound by a treating physician's

opinion, 'he must set forth the reasons for rejecting the opinion in his decision.'"

*Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation omitted).

"Claimants are entitled to receive good reasons for the weight accorded their

treating sources independent of their substantive right to receive disability

benefits." *Smith v. Comm'r of Social Security*, 482 F.3d 873, 875 (6th Cir. 2007).

"The opinion of a non-examining physician, on the other hand, 'is entitled to little

weight if it is contrary to the opinion of the claimant's treating physician.'" *Adams*

*v. Massanari*, 55 Fed.Appx. 279, 284 (6th Cir. 2003).

     C.    <u>Residual Functional Capacity and Credibility</u>

     The residual functional capacity circumscribes "the claimant's residual

abilities or what a claimant can do, not what maladies a claimant suffers from-

though the maladies will certainly inform the ALJ's conclusion about the

claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir.

2002). "A claimant's severe impairment may or may not affect his or her

functional capacity to do work. One does not necessarily establish the other."

*Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich. 2004). "The

regulations recognize that individuals who have the same severe impairment may

have different [residual functional capacities] depending on their other

impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217

Fed.Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e). An ALJ's findings

based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters*, 127 F.3d at 531.

Plaintiff's claim of additional restrictions and limitations beyond those found by the ALJ seem to be based on the mere existence of her conditions, rather than on any resulting impairments or specific restrictions. While the record reveals that plaintiff's condition resulted in several limitations, as found by the ALJ, the mere existence of a particular condition is insufficient to establish an inability to work. *See e.g.*, *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002) (The residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities."); *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich. 2004) ("A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other."); *Griffeth*, 217 Fed.Appx. at 429 ("The regulations recognize that individuals who have the same severe impairment may have different residual functional capacities depending on their other impairments, pain, and other symptoms."). Moreover, plaintiff does not offer any opinion from a treating physician that she was more physically limited than as found by the ALJ. *See Maher v. Sec'y of Health and Human Serv.*, 898

F.2d 1106, 1109 (6th Cir. 1987), citing, *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability."). To the extent that plaintiff points to other subjective limitations, such subjective evidence is only considered to "the extent [it] can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Ditz v. Comm'r of Soc. Sec.*, 2009 WL 440641, *10 (E.D. Mich. 2009), citing, 20 C.F.R. § 404.1529(a), *Young v. Secretary*, 925 F.2d 146, 150-51 (6th Cir. 1990); *Duncan v. Sec'y*, 801 F.2d 847, 852 (6th Cir. 1986). In this case, there is no such evidence and the ALJ's RFC finding was entirely consistent medical evidence.

Given that a severe impairment does not equate to disability, the undersigned suggests that the ALJ's decision to find plaintiff's claimed limitations to be only partially credible is supported by the substantial evidence in the record and properly incorporated into the RFC finding. The ALJ's obligation to assess credibility extends to the claimant's subjective complaints such that the ALJ "can present a hypothetical to the VE on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones*, 336 F.3d at 476. When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility.");

*Krupa v. Comm'r of Soc. Sec.*, 1999 WL 98645, *3 (6th Cir. 1999). An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters*, 127 F.3d at 531. "The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts." *Redfield v. Comm'r of Soc. Sec.*, 366 F.Supp.2d 489, 497 (E.D. Mich. 2005). The ALJ is only required to incorporate the limitations that he finds credible. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In light of the medical and other evidence discussed above, the lack of physical restrictions or mental impairments noted by any treating physician, the undersigned concludes that the VE's opinion is consistent with the findings of treating and consulting physicians and mental health professionals, and can properly be considered substantial evidence. Thus, the undersigned concludes that there is an insufficient basis on this record to overturn the ALJ's credibility determination and that the hypothetical relied on properly reflected plaintiff's limitations.

D.    Conclusion

After review of the record, the undersigned concludes that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

## IV.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment should be **DENIED**, that defendant's motion for summary judgment be **GRANTED** and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 16, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 16, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Norton J. Cohen, Theresa M. Urbanic, AUSA, and Commissioner of Social Security.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov